IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE A. BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-02116-X |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## **DISCOVERY ORDER**

On April 25, 2023, the Court held a hearing on Plaintiff Catherine Black's Motion to Compel Discovery from Defendant Unum Life Insurance Company of America (Unum). ECF No. 12. The parties' discovery dispute arises in the context of Black's lawsuit brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., to recover long-term disability (LTD) benefits under a plan administered by Unum.

Federal Rule of Civil Procedure 37(a) governs Black's motion to compel. Fed. R. Civ. P. 37(b) (providing that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or to produce documents requested under Rule 34). Rule 26(b)(1) generally provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." However, discovery in an ERISA case is more limited. In *Crosby v. Louisiana Health Serv. & Indem. Co.,* 647 F.3d 258,

262 (5th Cir. 2011), the Fifth Circuit held that, in an action brought under 29 U.S.C. § 1132(a)(1)(B), a claimant may obtain discovery relating to (1) the completeness of the administrative record; (2) whether the plan administrator complied with ERISA's procedural regulations; and (3) the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. 647 F.3d at 263. The Fifth Circuit also stated that it could envision situations where evidence needed for resolving these disputes may not be contained in the administrative record. *Id.*

Here, counsel for the parties met and conferred and narrowed their dispute to Black's Interrogatory Nos. 1-8 and 10 and Black's Request for Production Nos. 10-13. Joint Report 6 (ECF No. 25). After considering the parties arguments and the relevant law, the Court makes the following rulings:

1. the Court GRANTS in part Black's motion with respect to Interrogatory Nos. 1 and 2 and ORDERS Unum to supplement its answers and produce Nurse Abbott's resume or CV (including any coursework or other training or experience regarding thoracic outlet syndrome) **on or before May 10, 2023**.

2. the Court DENIES Black's motion with respect to Interrogatory Nos. 3-8 and 10.

3. the Court GRANTS in part Black's motion with respect to Request for Production Nos. 10-13 and ORDERS Unum to supplement its response and produce the one-page instruction sheet discussed at

the hearing. Also—as discussed at the hearing—the parties will negotiate and submit a proposed agreed Protective Order for the Court's signature by **May 10, 2023**. Unum will produce the one-page instruction sheet three days after the Court enters the protective order.

**SO ORDERED.**

April 26, 2023.

                                                    _____
                                                    REBECCA RUTHERFORD
                                                    UNITED STATES MAGISTRATE JUDGE