UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE A. BLACK, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:22-CV-2116-X |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § § § | |
| *Defendant.* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Catherine A. Black's motion for partial summary judgment, (Doc. 36), and Defendant Unum Life Insurance Company of America ("Unum")'s motion for summary judgment, (Doc. 59). Having carefully considered the parties' arguments, the underlying facts, and the applicable law, the Court **GRANTS** Black's motion for partial summary judgment (Doc. 36) and **REMANDS** this matter back to Unum to conduct a full and fair review of Black's disability claim consistent with ERISA's procedural requirements, as explained in this order. The Court therefore **FINDS AS MOOT** Unum's motion. (Doc. 59).

### I. Background

This is a disability case governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). For many years, Black received monthly long-term disability benefits through her employer under a plan administered and insured by Unum. But in September 2021, Unum denied Black's disability claim because it determined she was no longer disabled. Unum's denial letter explained that Unum, in rendering a

1

decision on Black's claim, considered Black's reports that described her neck and shoulder pain and her resulting physical limitations. It also stated that Unum "contacted [Black's] current treating providers, obtained updated medical records, and asked their opinion regarding [Black's] functional capacity[.]" Unum then described what information it gathered in its consultations with Black's treating physicians, including details about her visits with these providers and their opinions on her functional capacity, and it expressly stated that Black's "medical records were considered along with the response from [her] providers."

Black subsequently filed an administrative appeal. During the appeal process, Unum's employee, Amanda Abbott, R.N. ("Nurse Abbott") reviewed Black's records from her treating physicians. Unum denied Black's appeal because Nurse Abbott determined that there was no medical disagreement among Black's physicians regarding her functionality. Then, Black requested that Unum reconsider its denial, and Unum declined to do so. This lawsuit followed.

In the present motion before the Court, Black asks the Court to declare that Unum failed to provide the full and fair review of Black's claim. ERISA provides minimum procedural requirements for the processing of benefit claims. Importantly, it requires that, in order to provide a claimant with a full and fair review in deciding an appeal of any adverse benefit determination that is based in whole or in part on a medical judgment, the fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical

judgment.[1] And the healthcare professional consulted in an appeal may not be the same individual who was consulted in connection with the original determination.[2]

Black contends that Unum denied her claim based on a medical judgment, but it failed to consult with a qualified health professional on appeal. Conversely, Unum contends that its denial was not based on a medical judgment; rather, it denied Black's claim because she no longer had any restrictions that prevented her from performing sedentary work. Thus, this motion turns on whether Unum's denial of Black's claim was based in whole or in part on a medical judgment, and if so, whether Unum consulted a qualified health care professional during the administrative appeal.

## II. Legal Standard

"Challenges to ERISA procedures are evaluated under the substantial compliance standard."[3] ERISA requires a "full and fair review by the appropriate named fiduciary."[4] "Applicable regulations dictate that procedures will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless several procedural requirements are met,"[5] including (1) when an "adverse benefit determination . . . is based in whole or in part on a medical judgment," the appeal must include consultation "with a

---

[1] 29 C.F.R. § 2560.503-1(h)(3)(iii).

[2] 29 C.F.R. § 2560.503-1(h)(3)(v).

[3] *Lafleur v. Louisiana Health Serv. & Indem. Co.*, 563 F.3d 148, 154 (5th Cir. 2009).

[4] 29 U.S.C. § 1133(2).

[5] *Lafleur*, 563 F.3d at 154.

health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment,"[6] and (2) the healthcare professional consulted in an appeal may not be the same individual who was consulted in connection with the original determination.[7] When a plan administrator fails to comply with ERISA's procedural requirements, remand is usually the appropriate remedy.[8]

### III. Analysis

The issue presented in Black's motion before the Court is twofold. If the Court finds that Unum's initial denial of Black's disability claim was based on a medical judgment, then, it must determine whether, when deciding Black's administrative appeal, Unum consulted with a health care professional who had appropriate training and experience in the field of medicine involved in the medical judgment and is not the same individual who was consulted in connection with the original denial of benefits. The Court will consider each question in turn.

First, the Court concludes that Unum's initial denial of Black's disability claim was based on a medical judgment. Generally, when an insurer relies on consultations with doctors and medical records to deny a claim under its policy, that denial is based on a medical judgment.[9] In *Lafleur*, the Fifth Circuit determined that an adverse benefit determination was based on a medical judgment when a doctor affiliated with

---

[6] 29 C.F.R. § 2560.503-1(h)(3)(iii).

[7] 29 C.F.R. § 2560.503-1(h)(3)(v).

[8] *Lafleur*, 563 F.3d at 157.

[9] *See id.* at 156.

the insurer consulted with other doctors regarding whether the claimant's care was custodial, and the insurer relied upon the doctors' opinions to deny a benefits claim under a contractual exclusion for custodial care.[10] Because the adverse benefit determination was based on a medical judgment, the insurer was required to consult with a health care professional who had appropriate training and experience in the field of medicine involved in the medical judgment when deciding the administrative appeal.[11]

Here, Unum consulted Black's doctors in order to assess her medical conditions and her capability to perform sedentary work.[12] And when it concluded, based on her doctors' opinions and medical records, that she could perform sedentary work, it denied her disability claim.[13] Like in *Lafleur*, Unum's consultation with Black's doctors and review of her medical records proves that its denial was based on a medical judgment. And Unum's attempt to distinguish this case—by claiming that it did not deny her claim based on a medical judgment but rather because she did not have any restrictions preventing sedentary work—just splits hairs.

Next, the Court concludes that Unum failed to consult with a health care professional who had appropriate training and experience in the field of medicine involved in the medical judgment when deciding Black's administrative appeal. ERISA requires an insurer to consult a qualified health professional during an

---

[10] *Id.* at 151, 156.

[11] *Id.* at 156.

[12] Doc. 79 at 141–44.

[13] *Id.*

5

administrative appeal when the initial denial of benefits was based on a medical judgment.[14] And exclusive reliance on opinions from the same doctor during the appeal process runs afoul of ERISA because it essentially gives deference to the initial adverse benefit determination.[15] Here, Unum did not meet ERISA's procedural requirements for two reasons: (1) Nurse Abbott's review essentially gave deference to the initial denial of Black's claim, and (2) Nurse Abbott was not a qualified health care professional to perform the consultation. Either reason is sufficient to support remanding this action to the administrative process.

First, Unum had Nurse Abbott review Black's record on appeal, and Nurse Abbott summarized the medical opinions of Black's treating physicians—the same physicians and opinions that Unum consulted when it initially denied Black's claim.[16] Unum does not claim that Nurse Abbott used these opinions to make her own medical determination, rather, it contends that Nurse Abbott summarized the opinions of Black's treating physicians and found no indication that Black could not perform sedentary work within those opinions. Like in *Lafleur*, this process is problematic. Unum relied on the same physicians to initially deny Black's claim and to deny her appeal. ERISA requires more.[17] Unum must consult a different physician on appeal than those it relied upon during its initial denial.[18] Otherwise, the administrative

---

[14] 29 C.F.R. § 2560.503-1(h)(3)(iii).

[15] *See Lafleur*, 563 F.3d at 156–57.

[16] Doc. 79 at 211–17.

[17] 29 C.F.R. § 2560.503-1(h)(3)(v).

[18] *Id.*; *see Lafleur*, 563 F.3d at 156–57.

6

appeal process is prejudicial.[19]  Therefore, Unum failed to comply with ERISA's requirement that the healthcare professional consulted in an appeal may not be the same individual who was consulted in connection with the original determination.[20]

Next, Black argues that Nurse Abbott was not qualified to provide the required consultation under ERISA, but Unum contends that the only required qualification was that Nurse Abbott be able to review Black's record and determine whether any of Black's treating providers found any specific restrictions on her ability to work. Unum also states that Nurse Abbott's qualifications regarding thoracic outlet syndrome are irrelevant, and Black's arguments are a diversionary tactic.

In this way, Unum does not allege that Nurse Abbott was a health care professional who had appropriate training and experience in the field of medicine involved in the medical judgment.  Instead, it claims that Nurse Abbott need only be able to summarize the opinions of Black's treating physicians.  For the reasons explained above, that is inaccurate because ERISA required Unum to consult a different physician on appeal.[21]  And even if Nurse Abbott's review was Unum's attempt to satisfy this procedural requirement, Nurse Abbott was not qualified to do so.  Sure, ERISA does not require the reviewing physician to have the exact same specialty as the claimant's treating physician,[22] but here, Nurse Abbott is not a

---

[19] *See Lafleur*, 563 F.3d at 156–57.

[20] 29 C.F.R. § 2560.503-1(h)(3)(v).

[21] *See Lafleur*, 563 F.3d at 156–57.

[22] *See Davis v. Aetna Life Ins. Co.*, 699 Fed. Appx. 287, 295 (5th Cir. 2017).

physician,[23] and Unum does not contend that she has the appropriate training and experience. Therefore, Nurse Abbott's review did not satisfy ERISA.

Accordingly, because Unum denied Black's disability claim based on a medical judgment, it was required to consult with a health care professional who had appropriate training and experience in the field of medicine involved in the medical judgment, and that professional could not be the same individual who was consulted in connection with the original determination. Unum failed to comply with both procedural requirements. It therefore did not provide a full and fair review of Black's disability claim.

"[P]rocedural violations of ERISA generally do not give rise to a substantive damages remedy."[24] Instead, "[r]emand to the plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply with the procedural requirements of ERISA."[25] A substantive remedy may only be permitted when the violations are continuous and amount to substantive harm.[26] Here, because there is no indication that Unum's procedural violations were flagrant, remand is the appropriate remedy.

### IV. Conclusion

Considering the discussion above, the Court **GRANTS** Black's motion for partial summary judgment on a threshold issue (Doc. 36) and **REMANDS** this matter

---

[23] Doc. 38-1 at 69–70.

[24] *Lafleur*, 563 F.3d at 157.

[25] *Id.*

[26] *Id.*

back to Unum to conduct a full and fair review of Black's disability claim consistent with ERISA's procedural requirements as explained in this order. The Court therefore **FINDS AS MOOT** Unum's motion for summary judgment. (Doc. 59).

    **IT IS SO ORDERED** this 29th day of February 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE