```
                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                           DALLAS DIVISION

CATHERINE A. BLACK              §
                                §
V.                              §   CAUSE NO. 3:22-cv-2116-X
                                §
UNUM LIFE INSURANCE COMPANY     §
OF AMERICA                      §
```

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Catherine A. Black, [hereinafter "Black"], Plaintiff herein, and would respectfully show the Court the following:

**A.   Introduction**.

The Court found that Unum failed to provide a full and fair review of Black's disability claim by failing to consult with a qualified medical professional.  The Court remanded Black's claim to Unum and ordered it to conduct a full and fair review consistent with ERISA's statutory and regulatory requirements as explained in the order.

Black now moves for an award of attorney's fees of $126,360 and $402 in court costs.  Such an award is authorized under 29 U.S.C. § 1132(g)(1).

As explained in the accompanying brief, an award of attorney's fees is governed by the "some success on the merits" standard.  The relevant history of this lawsuit is summarized below, as well as the facts concerning Black's attorney's fees and costs.

Black's supporting evidence is contained in a separate appendix, cited herein in the form "Apx. ##."

**B.   Black's Pleadings**.

In her original complaint, Black pleaded that her claim is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  [ECF Doc. 1 at 6 ¶ 9.]  Although not required by the pleading rules, Black expressly laid out some of the legal bases for her claims, as discussed below.  Black also pleaded the relief she was requesting, including declaratory relief and reasonable attorney's fees, as discussed below.

   1.   **Requirements of ERISA statute and regulations**.

Black pleaded:

> Unum violated 29 U.S.C. § 1133(2) by failing to provide Black with a "full and fair review."  Under the ERISA regulations, Unum was required to use reasonable claim procedures, and to consult with a qualified physician before denying Black's appeal.  Instead, Unum relied on an employee in its appeals unit who was merely a registered nurse.

[ECF Doc. 1 at 6 ¶ 10.]

For a "full and fair review," Black pleaded that the ERISA regulations express certain requirements:

> One of those requirements is that the plan must:
>
>> (iii) Provide that, in deciding an appeal of any adverse benefit determination that is based in whole or in part on a medical judgment, . . . the appropriate named <u>fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment</u>.
>
> 29 C.F.R. § 2560.503-1(h)(3)(iii)(emphasis added).

[ECF Doc. 1 at 40-41 ¶ 182.]

**2.   Black's Requested Relief**.

Black pleaded for declaratory relief:

> Black seeks appropriate declaratory relief to redress Unum's ERISA violations. Appropriate declaratory relief in this case would include the following findings:
>
> . . .
>
> - Unum violated [29 U.S.C. §] 1133(2) by failing to provide a "full and fair review" of Black's LTD claim in accordance with the regulations requiring that Unum, in deciding Black's appeal, "shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment" within the meaning of 29 C.F.R. § 2560.503-1(h)(3)(iii).

[ECF Doc. 1 at 62 ¶ 244.]

Black also prayed for "reasonable attorney's fees and expenses," and "all costs of court, and for such other relief to which she may be entitled." [ECF Doc. 1 at 63.]

**C.   Black's Motion for Partial Summary Judgment on Threshold Issue**.

Black filed "Plaintiff's Motion for Partial Summary Judgment on Threshold Issue." [ECF Doc. 36.] Black stated in the introduction:

> The <u>threshold issue</u> in this case is Unum's violation of an ERISA regulation by which, before denying Black's administrative appeal, Unum "shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment." <u>See</u> 29 C.F.R. § 2560.503-1(h)(3)(iii).

[ECF Doc. 36 at 3, emphasis in original.]

Black prayed for the following relief:

> Black prays that the Court find that Unum violated 29 U.S.C. § 1133(2) by failing to provide a "full and fair review" of Black's LTD claim in accordance with the regulations requiring that Unum, in deciding Black's appeal, "shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment" within the meaning of 29 C.F.R. § 2560.503-1(h)(3)(iii), and for such other and further relief to which she may be justly entitled.

[ECF Doc. 36 at 24-25.]

In her brief, Black discussed:

- fiduciary duties under ERISA,

- the statutory duty under 29 U.S.C. § 1133(2) for a "full and fair review by the appropriate named fiduciary" that must be performed "[i]n accordance with regulations of the Secretary [of Labor]," and

- the requirement for consultation with a qualified health care professional under 29 C.F.R. § 2560.503-1(h)(3)(iii).

[ECF Doc. 37 at 6-8.]

Black also cited <u>Lafleur v. Louisiana Health Serv. & Indem. Co.</u>, 563 F.3d 148 (5th Cir. 2009), and argued:

> The medical consultant that the insurer used on appeal was a family practitioner (Dr. Brower) and not a urologist, so the insurer failed to "consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment" and thereby violated 29 C.F.R. § 2560.503-1(h)(3)(iii). <u>LaFleur</u>, 563 F.3d at 154-55, 156-57.

[ECF Doc. 37 at 9.]  Black argued that Unum violated those requirements.  [ECF Doc. 37 at 10-13.]

**E.   The Court's Order**.

On February 29, 2024, this Court entered an order granting Black's motion.  [ECF Doc. 80.]  The Court framed the issues:

> In the present motion before the Court, Black asks the Court to declare that Unum failed to provide the full and fair review of Black's claim. ERISA provides minimum procedural requirements for the processing of benefit claims. Importantly, it requires that, in order to provide a claimant with a full and fair review in deciding an appeal of any adverse benefit determination that is based in whole or in part on a medical judgment, the fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment. [Citing 29 C.F.R. § 2560.503-1(h)(3)(iii).] And the healthcare professional consulted in an appeal may not be the same individual who was consulted in connection with the original determination.  [Citing 29 C.F.R. § 2560.503-1(h)(3)(v).]

[ECF Doc. 80 at 2-3.]

The Court stated the legal standards:

> ERISA requires a "full and fair review by the appropriate named fiduciary." [Citing 29 U.S.C. § 1133(2).] "Applicable regulations dictate that procedures will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless several procedural requirements are met" [citing Lafleur v. Louisiana Health Serv. & Indem. Co., 563 F.3d 148, 154 (5th Cir. 2009)],  including (1) when an "adverse benefit determination . . . is based in whole or in part on a medical judgment," the appeal must include consultation "with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment" [citing 29 C.F.R. § 2560.503-1(h)(3)(iii)], and (2) the healthcare professional consulted in an appeal may not be the same individual who was consulted in connection with the original determination [citing 29 C.F.R. § 2560.503-1(h)(3)(v)].

[ECF Doc. 80 at 3-4.]

The Court considered the parties' arguments, and summarized its analysis:

> Accordingly, because Unum denied Black's disability claim based on a medical judgment, it was required to consult with a health care professional who had appropriate training and experience in the field of

> medicine involved in the medical judgment, and that professional could not be the same individual who was consulted in connection with the original determination. Unum failed to comply with both procedural requirements. It therefore did not provide a full and fair review of Black's disability claim.

[ECF Doc. 80 at 8.]

The Court ordered the following:

> Considering the discussion above, the Court GRANTS Black's motion for partial summary judgment on a threshold issue (Doc. 36) and REMANDS this matter back to Unum to conduct a full and fair review of Black's disability claim consistent with ERISA's procedural requirements as explained in this order.

[ECF Doc. 80 at 8-9.]

## IV. **FACTS CONCERNING ATTORNEY'S FEES**.

Black's attorney reasonably expended a total of 291.9 hours in his representation of Black from the preparation of the original complaint beginning on July 20, 2022 through the filing of this motion. (Apx. 302 ¶ 5.) At $400 per hour (Apx. 303 ¶ 8), a reasonable fee would be $116,760. Black's attorney incurred Westlaw charges of $2,281.06 from February through August 2023. (Apx. 309 ¶ 29.) As explained in the accompanying brief, such amounts are included as an element of attorney's fees, since they effectively reduce the amount of hours an attorney would otherwise devote to legal research. Black's attorney estimates that he will reasonably expend a total of 24 hours to review and reply to Unum's response to this motion (Apx. 303 ¶ 9), for which (at $400 per hour) a reasonable fee would be $9,600.00. As of the filing of this motion, therefore, the lodestar figure is a total of $128,641.06.

The lodestar figure at this time, therefore, is $128,641.06 ($116,760 + estimated $9,600.00 for reply + total Westlaw charges of $2,281.06).

## V. **FACTS CONCERNING COURT COSTS**.

Black paid $402 for the filing fee herein. (Apx. 25.)

WHEREFORE, PREMISES CONSIDERED, Black prays that the Court order Unum to pay her attorney's fees in amount of $128,641.06, costs of $402, and for such other and further relief to which she may be justly entitled.

Respectfully submitted,

/s/ James L. Johnson
James L. Johnson
Texas Bar No. 10742020

THE JOHNSON LAW FIRM
10935 Estate Lane, Suite 268
Dallas, Texas 75238
Telephone:     214/363-1629
Telecopier:    214/363-9173
Email:
james@jamesljohnsondallasattorney.com

ATTORNEY FOR PLAINTIFF
CATHERINE A. BLACK

### CERTIFICATE OF CONFERENCE

I hereby certify that, by emails exchanged on March 13 and 14, 2024, Unum's lead attorney, Bill Davidoff, expressed Unum's opposition to the foregoing motion.

/s/ James L. Johnson
James L. Johnson

### CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case

filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ James L. Johnson
James L. Johnson
