UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATHERINE A. BLACK, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § Civil Action No. 3:22-CV-2116-X <br> § <br> UNUM LIFE INSURANCE § <br> COMPANY OF AMERICA, § <br> § <br> *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are parties' trial briefs, which the Court rules on without a bench trial due to the nature of the case. Plaintiff Catherine A. Black's (Black) trial brief, (Doc. 104), and Defendant Unum Life Insurance Company of America's (Unum) trial brief, (Doc. 100) outline the parties' arguments and evidence. Black also moved to admit her trial exhibits into evidence, which the Court **GRANTS**. (Doc. 114). Because Unum substantially complied with statutory requirements and did not abuse its discretion, the Court **GRANTS** judgment on the record in favor of Unum.

### I. Background

This is a disability case governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Black worked as an Operational Support Administrator for Paycom until she suffered complications after a surgery to remove her gallbladder in 2014. When she returned to work, she developed headaches, dizziness, and vertigo and submitted a disability claim to receive benefits from a plan (the Policy) that Unum administered and insured. Unum approved her claim.

1

Under the Policy, an employee is disabled when Unum determines she is "limited from performing the material and substantial duties of [her] regular occupation due to [her] sickness or injury" and she has lost 20% or more of her "indexed monthly earnings due to the same sickness or injury."[1] After a covered employee receives twenty-four months of payments under this definition, the standard changes to cover only those who are "unable to perform the duties of any gainful occupation for which [they] are reasonably fitted by education, training or experience" due to the same sickness or injury.[2]

### A.  Unum's Initial Denial of Coverage

Over the ensuing years, Black's symptoms persisted until she was diagnosed with thoracic outlet syndrome. During this time, she provided Unum with periodic proof of her continued disability to maintain coverage under the Policy. After recovering from a spinal surgery, Black submitted a Disability Status Update to Unum in June 2021, listing three treating physicians: nurse practitioner Julie Hamilton, her primary care provider (NP Hamilton), Dr. Nmadi Dike, her neurologist (Dr. Dike), and Dr. Scott Blumenthal, her spinal surgeon (Dr. Blumental).[3] In this update, Black wrote that she was "still unable to scrub pots and pans [or] vacuum" but was "much better w/ reading and being on the computer for at least 30 mins at a time."[4]

---

[1] UA-REMAND-CL-LTD-000096.

[2] *Id.*

[3] UA-REMAND-CL-LTD-002018.

[4] *Id.* (cleaned up from handwriting).

Unum contacted Black's listed providers, sending a form that listed the physical requirements of Black's position at Paycom and asking physicians whether they agreed that Black could perform the tasks. NP Hamilton and Dr. Dike independently indicated that they agreed.[5] An analyst at Unum therefore determined Black was no longer covered under the Policy. On September 17, 2021, Unum discontinued Black's disability payments.

Black administratively appealed Unum's decision, submitting additional medical records from her visit to NP Hamilton in August 2021 and her visits to Gregory Pearl, M.D. (Dr. Pearl) between October 2021 and February 2022.[6] Dr. Pearl issued a report on February 9, 2022, describing Black's self-reported "significant problems with her right upper extremity" and various longstanding symptoms.[7] He wrote that "virtually all of [Black's] pain was alleviated" temporarily following a muscle block administered in November 2021, and that much of her pain continued to be "markedly improved."[8] Dr. Pearl also authored a letter in December 2021, outlining Black's limitations while recovering from a surgery scheduled for the end of the month: "no lifting, pushing or pulling anything greater than 10 pounds and avoiding any repetitive motions of the surgical arm."[9]

---

[5] UA-REMAND-CL-LTD-002191, 2198. Unum claims "Dr. Blumenthal did not respond and Plaintiff subsequently confirmed she was no longer seeing him." Doc. 100 at 6 n.1.

[6] UA-REMAND-CL-LTD-002390.

[7] UA-REMAND-CL-LTD-002408–09.

[8] UA-REMAND-CL-LTD-002409.

[9] UA-REMAND-CL-LTD-002407.

On appeal, a registered nurse employed by Unum reviewed her case: Amanda Abbott, R.N. (Nurse Abbott). Nurse Abbott reviewed the reports of Black's treating physicians and affirmed that they cleared Black to perform sedentary work, so Unum denied Black's appeal. Black asked Unum to reconsider, but Unum declined. Black subsequently filed this suit.

### B. Lawsuit to Appeal Unum's Denial

At the summary judgment stage, this Court agreed with Black that Unum failed to provide a full and fair review of Black's case, as ERISA requires.[10] The Court's opinion ruled that Unum denied coverage based on medical judgment and in doing so, "did not meet ERISA's procedural requirements for two reasons: (1) Nurse Abbott's review essentially gave deference to the initial denial of Black's claim, and (2) Nurse Abbott was not a qualified health care professional to perform the consultation."[11] So the Court granted Black's motion for partial summary judgment and remanded the case back to Unum to conduct an ERISA-compliant review.

On remand, Unum consulted doctors Arlen Green, D.O. (Dr. Green), and Eric Wellons, M.D. (Dr. Wellons). Unum started with Dr. Green, who is certified in physical medicine and rehabilitation. Dr. Green concluded "with a reasonable degree of medical certainty, [that] the medical evidence/file information does not support restrictions and limitations precluding the claimant from performing the occupational demands defined as of 9/17/21."[12] However, Black argued Dr. Green

---

[10] Doc. 80.

[11] *Id.* at 6.

[12] UA-REMAND-CL-LTD-002702.

4

lacked the necessary qualifications to opine on thoracic outlet syndrome. So Unum then consulted Dr. Wellons, a vascular surgeon. After reviewing Black's medical records, Dr. Wellons wrote, "there are no clinical, exam or diagnostic findings during the period under review that would support [restrictions and limitations] precluding performance of the outlined occupational demands."[13]

## II. Legal Standard

ERISA "permits a person denied benefits under an employee benefit plan to challenge that denial in federal court."[14] Federal courts then review plan administrators' determinations de novo unless the benefit plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[15] The parties here agree that Unum had such discretion, so the Court reviews Unum's denial of coverage for abuse of discretion.[16] "A plan administrator abuses its discretion where the decision is not based on evidence, even if disputable, that clearly supports the basis for its denial."[17] "If the

---

[13] UA-REMAND-CL-LTD-002829.

[14] *Singletary v. United Parcel Serv., Inc.*, 828 F.3d 342, 346 (5th Cir. 2016).

[15] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

[16] *See Gift v. Anadarko Petro. Corp. Change of Control Severance Plan*, 2024 WL 4689051, at *1 (5th Cir. Nov. 6, 2024); *Killen v. Reliance Std. Life Ins. Co.*, 776 F.3d 303, 307 (5th Cir. 2015). Additionally, the Policy language itself grants Unum discretion in eligibility determinations: "You are disabled *when Unum determines* that you are limited from performing the material and substantial duties of your regular occupation" and "[a]fter 24 months of payments, you are disabled *when Unum determines* that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation . . . ." UA-REMAND-CL-LTD-000096 (emphasis added).

[17] *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir. 2009) (cleaned up).

administrator's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail."[18]

If an administrator made its decision with some "rational connection between the known facts and the decision," it is not arbitrary.[19] The Court's "review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness—even if on the low end."[20]

ERISA requires every employee benefit plan to "afford a reasonable opportunity . . . for a full and fair review" to any participant whose claim for benefits has been denied.[21] To conduct a full and fair review of any adverse benefit determination that is based in whole or in part on a medical judgment, the administrator "shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment."[22] Further, this health care professional cannot be the same person who conducted the participant's initial evaluation that resulted in denial of benefits, nor can it be a

---

[18] *Salim v. La. Health Serv.*, 2023 WL 3222804, at *4 (5th Cir. May 3, 2023) (per curiam) (quoting *Killen*, 776 F.3d at 307) (cleaned up).

[19] *Holland*, 576 F.3d at 246 (quoting *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999)).

[20] *Id.* (quoting *Corry v. Liberty Life Assurance Co.*, 499 F.3d 389, 398 (5th Cir. 2007)).

[21] 29 U.S.C. § 1133(2).

[22] 29 C.F.R. § 2560.503-1(h)(3)(iii).

6

subordinate of that person.[23]  Any procedural defects in an administrator's ERISA-covered actions are "evaluated under the substantial compliance standard."[24]

### III. Analysis

In order to comply with ERISA, Unum's denial must (1) be supported by substantial evidence after (2) a health care professional with appropriate training and experience in the relevant field reviewed Black's claim.  Black contends that "a 'conclusory opinion' by the administrator [] is 'insufficient to carry its burden.'"[25]  But Unum's determination was not founded on its own conclusory opinions; rather, Unum relied on the medical judgment of at least four health care professionals, one of whom specializes in the field of Black's primary illness.  Dr. Dike, NP Hamilton, Dr. Green, and Dr. Wellons all opined that Black was clear to work on September 17, 2021.

#### A.   Unum Based its Decision on Substantial Evidence

For Unum's decision to be upheld, precedent does not require *all* available evidence to support it, only substantial evidence.[26]  And here, there was substantial, concrete evidence in Black's medical records and in the physicians' opinions that she no longer qualified as disabled under the Policy as of September 17, 2021.

Unlike cases in which the parties' respective physicians issue conflicting opinions about the plaintiff's disability status,[27] the physicians in this case largely

---

[23] *Id.* § 2560.503-1(h)(3)(v).

[24] *Lafleur v. La. Health Serv. & Indem. Co.*, 563 F.3d 148, 154 (5th Cir. 2009).

[25] Doc. 104 at 42 (quoting *Lafleur*, 563 F.3d at 160 n.27).

[26] *Killen*, 776 F.3d at 307.

[27] *See, e.g.*, *id.* at 309; *Holland*, 576 F.3d at 244–45.

agree. As Unum has argued, Black's own treating physicians, Dr. Dike and NP Hamilton, cleared her for sedentary work as of September 17, 2021, and included nothing in their reports suggesting Black could not perform the duties of gainful occupation consistent with her experience, training, and education.[28] Even Dr. Pearl, on whose reports Black heavily relies, wrote in December 2021 (notably, after Black's coverage had already lapsed, according to Unum) that Black reported "excellent temporary relief of her longstanding . . . symptoms" and that "virtually all of her pain was alleviated."[29] Dr. Wellons concluded "there [we]re no clinical, exam or diagnostic findings during the period under review that would support [restrictions and limitations] precluding performance of the outlined occupational demands."[30] And Dr. Wellons's ultimate opinion came after a detailed report on Black's medical history and symptoms; it was not conclusory.

Yet even if the various physicians had come to conflicting conclusions about Black's ability to return to work, "the job of weighing valid, conflicting professional medical opinions is not the job of the courts; that job has been given to the administrators of ERISA plans."[31] Black posits that Unum "may not arbitrarily

---

[28] UA-REMAND-CL-LTD-002191, 2198

[29] UA-REMAND-CL-LTD-002410. Additionally, even the restrictions Dr. Pearl suggested Black adhere to following her surgery in late December 2021 do not clearly prevent her from performing her job. Her job description requires "[e]xerting up to 10 pounds of force occasionally, and/or a negligible amount of force frequently to lift, carry or otherwise move objects," and "[f]requent fingering, keyboard use, talking." UA-REMAND-CL-LTD-002492. Dr. Pearl's letter instructs Black not to lift, push, or pull anything *greater* than 10 pounds and to avoid repetitive motions of the surgical arm. UA-REMAND-CL-LTD-002407.

[30] UA-REMAND-CL-LTD-002829.

[31] *Killen*, 776 F.3d at 308 (quoting *Holland*, 576 F.3d at 250).

8

refuse to credit [her] reliable evidence, including the opinions of a treating physician."[32] She argues Unum must factor her pain and Dr. Pearl's post-denial medical opinions into its decision. But her pain is described in her medical records—the very records the physicians reviewed to form their opinions. While the Court sympathizes with Black's long-term pain, that pain does not invalidate all the other evidence in the record on which Unum based its decision. "Plan administrators may not ignore consistent complaints of pain as subjective, but they are not required to give such complaints determinative weight. Nor do plan administrators need to explain why they credited evidence that contradicts a claimant's reported limitations."[33]

Black also suggests Unum has a conflict of interest as the entity that both insures the Policy and decides which claimants receive coverage, and that this conflict affected its decision.[34] Courts recognize such conflicts of interest, but they are merely one factor among many when the Court reviews the administrator's decision.[35] The Court gives conflicts of interest more weight when "procedural unreasonableness" is evident in the administrator's review.[36] As evidence of this procedural

---

[32] Doc. 104 at 42 (quoting *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003)).

[33] *Davis v. Aetna Life Ins. Co.*, 699 F. App'x 287, 296 (5th Cir. 2017) (cleaned up).

[34] Doc. 104 at 95.

[35] *White v. Life Ins. Co. of N. Am.*, 892 F.3d 762, 767 (5th Cir. 2018). In *Metro Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), the Supreme Court "directly repudiated the application of any form of heightened standard of review to claims denials in which a conflict of interest is present." *Holland*, 576 F.3d at 248 n.3. Instead, a plan administrator's conflict of interest is just one factor the Court considers in its abuse-of-discretion review. *Id.* (collecting cases).

[36] *Id.* (quoting *Shexnayder v. Hartford Life & Accident Ins. Co.*, 600 F.3d 465, 469 (5th Cir. 2010)).

unreasonableness, Black argues (1) Unum refused to consult with a qualified physician on appeal; (2) Unum printed and scanned Black's records instead of reviewing them in their original digital form; and (3) Unum's reviewing physicians failed to reference Dr. Pearl's assessment that Black suffered severe longstanding symptoms.[37]

However, the Court has already noted Unum was not required to consult a physician with the same specialization as Black's treating physician. And after Black objected to Dr. Green's qualifications, Unum consulted Dr. Wellons, a relevant specialist. On Black's second point, the fact that Unum printed and scanned Black's records instead of reviewing them straight from the CD-ROM is not sufficient evidence of procedural unreasonableness. There is no evidence Unum withheld any records from Dr. Green or Dr. Wellons. Black argues only that the reviewing physicians may not have seen the highlights she added to certain phrases that supported her claim.[38] If anything, that would have made the review process more objective, not less. And finally, on Black's point that Unum's doctors did not take Dr. Pearl's assessment into account in their reviews, Dr. Wellons's review refers directly and repeatedly to Dr. Pearl's records.[39] Dr. Wellons may not have directly cited the

---

[37] Doc. 104 at 97.

[38] *Id.* at 96.

[39] UA-REMAND-CL-LTD-002832–34.

exact language Black wanted, but that does not mean he didn't consider Dr. Pearl's full report.

On appeal, Unum denied coverage based on the medical opinions of Dr. Green and Dr. Wellons, who reviewed Black's full medical records. Unum did not arbitrarily withhold records or evidence from the reviewing physicians, nor did it arbitrarily ignore dissenting opinions of other physicians. As a plan administrator, Unum had discretion to weigh all the evidence, and it concluded that Black failed to meet the definition of "disabled" under the Policy.

The Court concludes that there is a rational connection between the evidence and Unum's decision. Therefore, Unum did not abuse its discretion by denying Black's claim on appeal.

### B.  Unum Consulted a Qualified Physician

ERISA does not require a reviewing physician to have the exact same specialty as the claimant's treating physician;[40] they must merely have the appropriate training and experience in the field of medicine involved in the medical judgment."[41] This is an easy case: Dr. Wellons is a board-certified vascular surgeon and so is Dr. Pearl. Dr. Pearl may specialize more directly in thoracic outlet syndrome, but

---

[40] *See Id.* at 295.

[41] 29 C.F.R. § 2560.503-1(h)(3)(iii).

11

administrators are not required to find specialized experts to review participants' files.[42]

In *Davis v. Aetna Life Insurance*, an administrator relied on the opinions of two occupational medical specialists.[43] The claimant argued the physicians were not board certified in rheumatology, the specialty of the claimant's treating physician who supported a disability determination.[44] But the Fifth Circuit determined the occupational medicine specialists were qualified to review the claimant's case.[45] Here, Dr. Wellons, as a vascular surgeon, was certainly qualified to conduct a review of Black's medical records and form an opinion on which Unum could rely.

## IV. Conclusion

Unum argues this case is straightforward: (1) Plaintiff did not qualify as disabled under the Policy on September 17, 2021, and (2) her coverage terminated at that time.[46] After considering the parties' arguments, the evidence, and relevant law, the Court concludes that substantial evidence supported that decision, and it was not arbitrary and capricious. The Court **GRANTS** Black's motion to admit her trial exhibits as evidence. (Doc. 114). Considering the discussion above, which weighs the

---

[42] *Davis*, 699 F. App'x at 295.

[43] *Id.* at 295.

[44] *Id.*

[45] *Id.*

[46] Doc. 100 at 16.

evidence in Black's exhibits, the Court **GRANTS judgment on the record in favor of Unum.**

      **IT IS SO ORDERED** this 2nd day of December, 2024.

                                          BRANTLEY STARR
                                          UNITED STATES DISTRICT JUDGE